JOHN COLLINS AND JOHN SMITH

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDORSEMENT OF INDICTMENT—*name of another offense.* Where a bill was indorsed by mistake as being for one description of offense, while in the body of the bill a different offense is described, the court would be bound to sustain the matter of the bill regardless of the indorsement.

2. So, where the indorsement was "indictment for robbery," but in the allegations it was a good indictment for larceny, the defendants were properly required to plead.

3. INDICTMENT *for robbery.* An indictment for robbery which does not charge a taking by force or intimidation is bad.

4. UNITED STATES TREASURY NOTES—*are goods and chattels.* Where the proof, on an indictment for larceny, showed that United States treasury notes were what was taken, they were held to be not only money but personal property, and as such they were goods and chattels.

5. LARCENY—*value of property must be included in the instructions.* On indictment for larceny, an instruction for the people, which directs the jury to return a verdict of guilty, if they believe from the evidence certain facts, which instruction contains no reference to the value of the goods stolen, it is bad for that reason, and ground for new trial, proof of value in larceny being indispensable.

6. But where the property alleged and proved to have been stolen was United States treasury notes, and the notes themselves were offered in evidence to the jury; *held*, that such notes had a value fixed by law, and the mere production of them in evidence, if genuine, authorized the jury to infer their value.

7. Yet in such case the court should have given an instruction for the defendants, telling the jury that they must be satisfied of the genuineness of the notes before they could find a verdict of guilty; slight evidence on this point would suffice.

8. In such case, United States treasury notes in the possession of a person may properly be alleged to be the goods and chattels of that person.

9. VERDICT—*on conviction for larceny.* On an indictment for larceny, a verdict which does not find the value of the property stolen, is so defective as to furnish good ground for a new trial; it was also held good ground for arresting the judgment.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. D. M. WOODSON, Judge, presiding.

The prosecuting witness in this case was Robert Brookshire. In December, 1864, he entered the " caboose " car of a freight train at Jacksonville, with John Collins and John Smith, the plaintiffs in error, and others. On the way to Orleans station, the three persons named joked and played with each other, and all became very familiar. Finally, Collins had raised Brookshire in his arms, and was letting him down to the floor, when Brookshire felt a sudden movement in his pocket where he had $1,900 in money. He then found that his money was gone. He saw Smith make a motion with one hand from his right shoulder perpendicular to the floor; saw nothing in his hand; did not see him throw any thing away. He accused Smith of taking his money; he denied it, and all parties left the car near Orleans, and separated without any search being made. Next day Collins and Smith were arrested together on the railroad between Jacksonville and Orleans, but Brookshire was not present, did not see any of the money found about them, nor does he know or claim that any belonging to him was found on them. On the same afternoon when the money was taken, James Shepherd saw three persons at a distance of some forty yards, near the railroad, and not far from where defendants left the cars. One appeared to be handing something to the others. They saw Shepherd and laughed. Thick hedges were near by. They suddenly left when Brookshire passed along the railroad. When arrested Smith had about $130. Collins had no money. That night, between Jacksonville and Orleans, a roll of about five hundred dollars in United States treasury notes was found near the track where the defendants were arrested. The roll

was done up in a piece of newspaper which was wet and soiled. None of this money was identified as that of Brookshire.

At the March Term, A. D. 1865, an indictment in this case was preferred by the grand jury of Morgan county against John Collins and John Smith. The first count avers: "That John Collins, John Smith, and two other persons to the jurors unknown, on the first day of January, in the year of our Lord, one thousand eight hundred and sixty-five, at the county of Morgan, in the aforesaid State of Illinois, with force and arms, in and upon one Robert Brookshire, in the peace of the people then and there being, did make an assault, and then and there against the will of the said Robert Brookshire, and from the person of him, the said Robert Brookshire, feloniously and violently did steal, take and carry away of the goods and chattels of said Robert Brookshire, three United States legal tender treasury notes of the denomination of one hundred dollars, each of the value of one hundred dollars, and one legal tender United States treasury note of the denomination of fifty dollars, of the value of fifty dollars, and one legal tender United States treasury note of the denomination of twenty dollars, of the value of twenty dollars, and one United States legal tender treasury note of the denomination of ten dollars, of the value of ten dollars, and one United States legal tender treasury note of the denomination of five dollars, of the value of five dollars, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people of the State of Illinois."

The second count avers that the same persons, on the same day "with force and arms in and upon one Robert Brookshire in the peace of the people then and there being, feloniously did make an assault, and then and there against the will of the said Robert Brookshire, and from the person of the said Robert Brookshire, feloniously and violently did steal, take and carry away, one note for the sum of one hundred dollars issued by the government of the United States, payable by the United States to the bearer thereof, at the treasury of the United States, and of the value of one hundred dollars, and which said note

was then and there of the personal goods and chattels of the said Robert Brookshire, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people of the State of Illinois."

The third and last count avers that the same persons on the same day, "with force and arms in and upon one Robert Brookshire, in the peace of the people then and there being, feloniously did make an assault, and then and there against the will of the said Robert Brookshire, and from the person of the said Robert Brookshire, feloniously and violently did steal, take and carry away one hundred dollars of lawful money of the United States, then and there of the personal goods and chattels of the said Robert Brookshire, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people of the State of Illinois."

This bill was indorsed, "Indictment for robbery. A true bill," etc. A motion by defendant's counsel to quash the indictment was overruled. On the trial, the court gave three instructions for the people, to all of which the defendants excepted. They appear in the opinion. The thirteenth instruction asked for by the defendants was refused by the court. It is:

"The court further instructs for the defendants that before the jury can be justified in finding the defendants guilty under this indictment ·for either robbery or larceny (in the event of the acquittal of the defendants of robbery), they must be satisfied of the genuineness of one or more of the treasury notes, or the lawful money mentioned and described in the indictment and therein alleged to have been violently stolen by the defendants from the person of the witness, Brookshire; and that if the jury find that the people have not produced any evidence before the jury to show the genuineness of any such treasury notes or note, or lawful money, and that no such evidence has been produced before them in this case, it is then the duty of the jury to acquit the defendants."

The fourteenth instruction of defendants was also refused, and is as follows:

" The court instructs the jury further for the defendants that they are charged in the indictment in this case with robbing the witness Brookshire, of 'the goods and chattels' of the said Brookshire only, and that United States treasury notes or notes issued by the government of the United States or 'lawful money of the United States' mentioned in the several counts of the indictment are not in law goods and chattels, and do not support the allegations in that respect in the indictment, and the defendants are entitled to an acquittal."

The jury found the defendants guilty. The verdict is given in the opinion. The defendants moved for a new trial and in arrest of judgment. Both motions were overruled.

Mr. H. J. ATKINS and Mr. J. H. MATHENY, for the plaintiffs in error.

Mr. ISAAC L. MORRISON, with the State's Attorney, for the people.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an indictment in the Circuit Court of Morgan county, preferred by the grand jury against John Collins and John Smith and two other persons to the jurors unknown, and indorsed "Indictment for robbery, a true bill." There were three counts in the indictment, and a motion made by the prisoners' counsel to quash each count and to quash the indictment.

This motion was overruled, and, a plea of not guilty having been entered, Collins and Smith were tried by a jury, who rendered the following verdict : " We find the defendants guilty in manner and form as charged in the indictment, and fix the period of their confinement in the penitentiary to five years."

A motion for a new trial was overruled and exception taken. A motion was also made in arrest of judgment, which the court denied and rendered judgment on the verdict.

The cause is brought here by writ of error, and numerous errors are assigned, the most important of which will be noticed,

and first, as to the motion to quash each count of the indictment.

As an indictment for robbery each count was defective, neither of them containing the essential element of an indictment for that offense as defined by our Criminal Code. Robbery is there defined as the felonious and violent taking of money, goods or other valuable thing, from the person of another *by force or intimidation.* Scates' Comp. 383.

No force or intimidation is charged in either count, consequently the indictment was defective as an indictment for robbery. The question then arises, if defective as an indictment for robbery, could the prisoners be required to answer it as an indictment for a kindred offense, that of larceny.

The first two counts contain, each of them, all the averments necessary to constitute a good indictment for larceny, and as such the prisoners could be compelled to plead to it. It is for the court to decide what offense, if any, is alleged in an indictment pending before it, the merits of which are properly brought to its consideration by motion to quash or by demurrer. If the State's attorney or the foreman of the grand jury, by mistake, indorses a bill as being for one description of offense, while in the body of the bill a different offense is described in legal phrase, the court would be bound to sustain the matter of the bill regardless of the indorsement on it. If not so, many a rogue would go " unwhipt of justice." The first and second counts are good counts in an indictment for larceny. The third count is defective, in not alleging the property therein described to be of any value.

As to the merits, the proof of a larceny from the person of the prosecutor by the prisoners with others unknown, was circumstantial in a great degree, but of a character so strong as to warrant the jury in finding them guilty. The stealing was effected by one of the many modes adepts in " the confidence game " are so ready to invent and put in practice. Their ingenuity is wonderful, and their sagacity in selecting their victims, not less so, and such is the prevalence of the crime, juries will not require the strongest kind of testimony

on which to hang a verdict of guilty, and yet they will be satisfied, beyond a reasonable doubt, by such evidence as is submitted, of the guilt of a party charged with larceny committed as this seems to have been.

It is true, the treasury notes stolen from the prosecutor were not actually found in the possession of the prisoners, but enough was shown to satisfy any reasonable jury that they had, in their flight, dropped them where they were found. All the circumstances conspire to fix the guilt upon them, and the jury were justified in finding as they did.

The objection that these notes were not goods and chattels, is not well taken. If they were money in the legal and constitutional use and acceptation of that term, they were also personal property, and as such they were goods and chattels. *Chicago & Aurora Railroad Co.* v. *Thompson*, 19 Ill. 578. The statute declares that larceny may be committed by feloniously taking and carrying away any bond, bill, note, etc., of value to the owner. These notes were proved to be of the value stated in the first and second counts of the indictment.

Exceptions were also taken to the instructions given for the people, numbered one, two and three.

The first instruction is as follows: "Robbery is the felonious and violent taking of the money, goods or chattels or other valuable thing from the person of another, by force or intimidation."

This, being in the precise language of the statute, is certainly unobjectionable as a proposition of law, but had no application to the case on trial, that being for larceny.

The second instruction is this: "If the jury find, from the evidence in the case, beyond a reasonable doubt, that defendants did, on or about, etc., at the county, etc., feloniously and violently steal, take and carry away from the person of Robert Brookshire, any one of the notes described in the first or second counts of the indictment by force or intimidation, and if they further find from the evidence, beyond a reasonable doubt, that said note or notes was the personal goods of the said Robert Brookshire, then the jury should find the defendants guilty."

This instruction is clearly objectionable as the element of the value of the goods is omitted. The indictment being for larceny, proof of value was indispensable.

The third instruction is this: "If the jury believe, from the evidence in the case, beyond a reasonable doubt, that the defendants, and two other persons unknown to the jury, did feloniously and violently steal, take and carry away from the person of Robert Brookshire, at the county, etc., one hundred dollars in lawful money of the United States, or any part of said one hundred dollars, and that said lawful money was the personal property of the said Brookshire, then they should find the defendants guilty in manner and form as charged in the third count of the indictment."

Holding, as the court did, the third count to be good, then the instruction was proper, for as that does not allege the property stolen to be of any value, it was not necessary to direct the attention of the jury to the value. But the count being in our judgment not a good count in larceny, the instruction was improper.

It is further objected that the court refused on the application of the prisoner, to give the twelfth, the thirteenth and fourteenth instructions.

The twelfth is as follows: "Although the people are not bound to prove the treasury notes, or any one of them, in the indictment mentioned and described, are of the particular value or values ascribed to them in the indictment, yet the people are bound to prove, by evidence presented to the jury, that said treasury notes or some or one of them described or mentioned in the indictment had some value, and if the people have not furnished such evidence of any such value to the jury, then the jury cannot infer such value, and must acquit the defendants."

That this instruction was properly refused, will be apparent from a few considerations. The property alleged to have been stolen was United States treasury notes, declared to be legal tender in the payment of debts, and equivalent to coined money. Their value is fixed by law, and, therefore, the mere production of them in evidence, if genuine, authorized the jury

to infer their value. If they had not a fixed value then such proof would have been necessary.

The thirteenth instruction asks the court to inform the jury they must be satisfied of the genuineness of the notes before they can find a verdict of guilty.

This, we think, the court should have told the jury. If they were forged and counterfeited, and had no intrinsic or artificial value, they would not be the subject of larceny. 1 Starkie on Ev. 829, note. Slight evidence on this point would suffice.

The fourteenth instruction was properly refused, as United States treasury notes in the possession of a person may safely be alleged to be that person's goods and chattels.

As another ground for a new trial, the verdict of the jury was alleged to be defective in not finding the value of the property stolen. This is a substantial objection, and should have prevailed, and it was also good ground for arresting the judgment. *Highland* v. *The People*, 1 Scam. 392; *Sawyer* v. *The People*, 3 Gilm. 53.

For refusing to quash the third count of the indictment, and giving the plaintiff's instructions, and refusing the twelfth and thirteenth instructions asked by the prisoners, and in refusing to set aside the verdict and grant a new trial, and refusing to arrest the judgment on account of the defective verdict, the judgment must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*