(No. 13982.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DAVID H. CONRAD, Plaintiff in Error.

*Opinion filed October 22, 1921.*

1. CRIMINAL LAW—*when indictment sufficiently charges robbery.* An indictment contains a sufficient charge of robbery where it alleges that the defendant, being armed with a loaded pistol, feloniously and violently made an assault upon his victim, and "did then and there feloniously and violently, by intimidation, put in bodily fear and danger of his life," and from his person and against his will "then and there feloniously did steal, take and carry away, contrary to the form of the statute," certain money as described in the indictment. (*Collins* v. *People,* 39 Ill. 233, distinguished.)

2. SAME—*when record sufficiently shows that effect of pleading guilty was explained.* The record in a criminal case sufficiently shows that the effect of pleading guilty was explained to the defendant where it recites that "the effect of the said plea having been explained to him, the said defendant, and he, the said defendant, still persisting in his plea of guilty," etc., and it is not subject to the objections that it does not show by whom the consequences of the plea were explained or that the explanation was given after the defendant pleaded guilty.

WRIT OF ERROR to the Circuit Court of Marshall county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

THOMAS JAMIESON, and CHARLES P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, BAYARD W. WRIGHT, State's Attorney, and JAMES B. SEARCY, (JAY H. MAGOON, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

At the January term, 1920, of the circuit court of Marshall county the plaintiff in error, David H. Conrad, pleaded guilty to the second count of an indictment against him, and the effect of the plea having been explained to him and he still persisting in his plea of guilty, it was considered

and adjudged by the court that he stand convicted of the crime of robbery as charged in the indictment, and that at the time of its commission he was armed with a dangerous weapon, to-wit, a revolver. His age was found to be twenty-five years and the value of the property taken to be $3000, and he was sentenced to be imprisoned in the penitentiary at Joliet for a term of years not exceeding the maximum fixed by the statute for the crime of robbery.

The second count, to which the plea was entered, charged that David H. Conrad, on December 22, 1919, in Marshall county, Illinois, "being armed with a certain deadly weapon, to-wit, a pistol loaded with gunpowder and ball, in and upon one Harry Wescott feloniously and violently made an assault, and him, the said Harry Wescott, did then and there feloniously and violently, by intimidation, put in bodily fear and danger of his life, and certain national bank bills of divers national banks, and United States treasury notes, and certain silver certificates of the United States, and Federal Reserve Bank notes, all legal tender currency, money of the United States of America, of divers denominations unknown to the grand jury and of the value of one thousand dollars, and all of said property being in the care, custody and control of Harry Wescott and being the property of [certain persons, naming them,] from the person and against the will of the said Harry Wescott then and there feloniously did steal, take and carry away, contrary to the form of the statute in such case made and provided and against the peace and dignity of the same People of the State of Illinois."

Section 246 of the Criminal Code defines robbery as "the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation." (Hurd's Stat. 1917, p. 1003.) It is argued that under the reasoning of this court in *Collins* v. *People*, 39 Ill. 233, the second count did not charge robbery. In that case the court said that no force or intimidation was

charged in either count of the indictment, therefore it was defective as a charge of robbery. The second count in the indictment in this case did charge in terms that the crime was committed feloniously and violently and "by intimidation," and we think said count, fairly and reasonably construed, clearly charged robbery under section 246 of the Criminal Code. While the second count may not be as carefully drawn or worded in this regard as was possible, we believe that to hold that this count does not charge that the crime was committed by intimidation would be to find a distinction impracticable to follow. In our judgment there is nothing said in *Collins* v. *People, supra,* in conflict with this conclusion. Moreover, if anything was said in that opinion that would lead to an opposite conclusion we would feel justified in overruling it. The conclusion as to this indictment sufficiently charging intimidation is supported by the reasoning in the following authorities: 1 McClain on Crim. Law, sec. 480; Wharton on Crim. Pl. & Pr. (1889 ed.) sec. 267; *State* v. *Segermond,* 10 Am. Dec. (Kan.) 169; *State* v. *McCune,* 70 Am. Dec. (R. I.) 176.

It is also argued on behalf of plaintiff in error that the plea of guilty was not fully explained to him, as provided by the Criminal Code as construed by this court in *People* v. *Petrie,* 294 Ill. 366. It is objected that the record does not show by whom the consequences of the plea were explained, or that the explanation was given after the defendant pleaded guilty. The record recites that "the effect of the said plea having been explained to him, the said defendant, and he, the said defendant, still persisting in his plea of guilty," etc. That was sufficient, according to the reasoning of this court in *People* v. *Harney,* 276 Ill. 236, and *People* v. *Walker,* 250 id. 427, and we find no error in the record in this regard.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*