57

(No. 4637—)

BENNIE TRUITT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 22, 1954.*

FRED P. SCHUMAN, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On July 31, 1954, Bennie Truitt filed his complaint against the State of Illinois, in which he seeks damages in the amount of $150,000.00 for wrongful incarceration in the Illinois State Penitentiary.

On August 17, 1954, the State of Illinois filed a motion to dismiss the complaint for the reason that it failed to state a cause of action. On October 1, 1954, claimant filed his objections to the motion to dismiss, and the matter is now before the Court as a question of law.

In his objections to the motion to dismiss, claimant alleges that it would appear from the court order attached to the complaint that he was not represented by counsel in a murder case, nor did the court hear evidence in aggravation or mitigation. He further alleges that his confinement was unlawful, and that this case is not predicated on a charge of "false imprisonment". Claimant cites Sec. 730, Chap. 38, Ill. Rev. Stats., as an authority for this Court to make an award.

"Whenever it shall appear to the court that a defendant or defendants indicted in a *capital case* is or are indigent and unable to pay counsel for his or her defense, it *shall be the duty of the court to appoint counsel for his or her defense.*

Every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense."

It is to be noted that Bennie Truitt was convicted on July 31, 1914. The Illinois Revised Statutes of 1913 were the laws of the State of Illinois at that time, and Sec. 442 (now 730), Chap. 38 thereof, reads as follows:

"Every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense."

It is, therefore, apparent that the law stated in the first paragraph above was not in effect in 1914, and, in fact, was not added to Sec. 730 until 1929.

As to the second point urged by claimant, Sec. 732, Chap. 38, Ill. Rev. Stats., reads as follows:

"In cases where the party pleads 'guilty' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; after which, if the party persists in pleading 'guilty', such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon, as if he had been found guilty by a jury. In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense."

The order referred to in plaintiff's exhibit A recites a tender of counsel, a refusal of counsel, a plea of guilty, an admonishment of the consequences of the plea of guilty, a persistence of the plea of guilty, and that "the court now hears all evidence that is offered".

In the case of *People* vs. *Gerke*, 332 Ill. 583, at page 584, the court said:

"Where the record shows that a defendant, before pleading guilty, was admonished by the court as to the effect of such plea, and the punishment which might be inflicted, it is not necessary that it show affirmatively that the court heard witnesses as to matters in mitigation or aggravation of the offense. (*People* vs. *Ellsworth*, supra; *People* vs. *Harney*, 276 Ill. 236.) The examination of witnesses as to the aggravation and mitigation of the offense in cases where a defendant pleads guilty is a privilege, which may be waived

by the parties, and some other method of supplying the court with the necessary information be substituted in its stead."

The present record indicates that the court heard "some evidence", and the presumption will be indulged in that the court did its duty.

Three cases of a similar nature have been presented to the Court of Claims, and in each case an award has been denied. In the case of *Montgomery* vs. *State,* No. 4264, filed on January 8, 1952, the Court held:

"The facts in this case show that the claimant was sentenced by a court of competent jurisdiction. For this Court to review evidence to overrule a decision of that court, without a statute authorizing it to do so, would be to assume jurisdiction never contemplated. This Court, without a statute authorizing it to award damages in such a case, cannot assume jurisdiction."

In the case of *Marcinkiewicz* vs. *State,* No. 4378, filed January 8, 1952, the Court followed the decision of the Montgomery case, and dismissed the complaint.

In the case of *Gee* vs. *State,* No. 4575, filed February 26, 1954, a motion of the state to dismiss the complaint for failure to state a cause of action was allowed, and the Court held that, where the writ was valid on its face, neither the state nor the warden of a penitentiary could be held liable for false imprisonment.

This Court cannot see any distinction between "false imprisonment" and "wrongful incarceration", as it applies to the three cases cited and the present complaint.

For the reasons above stated, the motion of respondent to dismiss the complaint should be allowed.

It is, therefore, the order of this Court that this cause be, and is hereby dismissed.