THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EARL ELLSWORTH, Plaintiff in Error.

*Opinion filed December 17, 1913—Rehearing denied Feb. 5, 1914.*

1. CRIMINAL LAW—*motion for change of venue must be preserved by bill of exceptions.* Motions made during the progress of a cause, including a petition or motion for a change of venue, must be preserved, together with the court's rulings, in the bill of exceptions.

2. SAME—*when evidence must be incorporated in bill of exceptions.* Where the question presented for review depends upon the evidence, such evidence must be incorporated in the bill of exceptions or the question cannot be considered by court of review.

3. SAME—*when bill of exceptions must be settled and signed.* In the absence of a statute providing otherwise, a bill of exceptions must be settled and signed before the expiration of the term at which the trial is held or within such time as the court may at that term grant for the purpose.

4. SAME—*proceedings of trial court are presumed to be regular and free from error.* One who seeks a reversal of a judgment of conviction has the burden of showing that the proceedings of the trial court were illegal, as every reasonable intendment not negatived by the record will be indulged in support of judgment.

5. SAME—*when a judgment of conviction cannot be reversed.* A judgment of conviction in a criminal case cannot be reversed where no objection or exception is found in the record as to any action of the trial court of which complaint is made.

6. SAME—*what need not be shown by the record upon plea of guilty.* If the record shows that the defendant, before pleading guilty, was admonished by the court as to the effect of such plea and the punishment which might be inflicted, it is not necessary that it show affirmatively that the court heard witnesses as to matters in mitigation or aggravation of the offense.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

THOMAS E. SWANSON, D. J. SAMMON, and RICHARD J. COONEY, for plaintiff in error.

P. J. LUCEY, Attorney General, DAVID R. JOSLYN, State's Attorney, and EUGENE P. MORRIS, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

At the May term, 1902, of the circuit court of Mc-Henry county, plaintiff in error was indicted for the mur-der of Amos W. Anderson on February 28, 1902, in that county. On October 13, 1903, he withdrew his plea of not guilty and entered a plea of guilty. On that plea he was sentenced to life imprisonment in the penitentiary and judgment was entered accordingly.

Counsel for plaintiff in error insist that the trial court erred in setting aside an order for a change of venue from the judge who afterward heard the case, on the application and motion of plaintiff in error, several terms after such change of venue had been allowed, and also erred in not fully informing the plaintiff in error as to the consequences of the plea of guilty before such plea was entered, and in not examining witnesses as to mitigation or aggravation of the offense.

The record shows that at the time the plaintiff in error withdrew his plea of not guilty, and thereafter, before pleading to the indictment, (a copy of which had been fur-nished him and had been read to him in open court,) he was "admonished by the court as to the effect of a plea of guilty and the punishment which might be inflicted by the court, and asked if he desired the aid, advice or assistance of counsel," and thereupon he declined advice or assistance of counsel, and, after being duly arraigned, entered a plea of guilty and was thereafter sentenced by the court. Up to the time he withdrew his plea of not guilty plaintiff in error was represented in the trial court by counsel. The counsel who appear in this court, however, did not rep-resent him in the court below. No bill of exceptions is found in the record nor any order with reference thereto. The motions and orders as to the change of venue from the trial judge and the order setting aside the change of venue are only found in the record certified to by the clerk.

There appears in such record what purports to be the transcript of a shorthand report made by a stenographer as to what took place at the time plaintiff in error withdrew his plea of not guilty and entered his plea of guilty on October 13, 1903. It appears from the certificate of the clerk of the circuit court, signed June 13, 1913, that this transcript of evidence was filed in this case. Attached to this certificate is also the certificate of the judge, Charles H. Donnelly, who presided at the time the plea of guilty was made and the sentence pronounced thereon, dated September 2, 1913, stating that the evidence as therein set forth was the only evidence heard by the court in said case.

The general rule is, when the question raised for review depends upon the evidence, that such evidence must be incorporated in the bill of exceptions or the point can not be considered by the reviewing court. (3 Ency. of Pl. & Pr. 418; 2 Cyc. 1062.) Section 17 of division 13 of the Criminal Code provides: "Exceptions may be taken in criminal cases, and bills of exceptions shall be signed and sealed by the judge, and entered of record, and error may be assigned thereon by the defendant, the same as in civil cases," etc. Where no statute provides otherwise, the settlement and signature of a bill of exceptions must be made before the expiration of the term at which the trial is held or within such time as the court may at that term grant for the purpose. (3 Ency. of Pl. & Pr. 465, 467.) Such is the rule in this State. (*Finch & Co.* v. *Zenith Furnace Co.* 245 Ill. 586, and cases cited; *People* v. *Strauch,* 247 id. 220.) The clerk's statement or certificate in the record, or appended to the record, of matters that may be shown by the bill of exceptions is no part of the record. (2 Cyc. 1074; *City of Chicago* v. *Ogden, Sheldon & Co.* 227 Ill. 595, and cases cited.) So, also, it has been held that a paper signed by a judge and purporting to contain the evidence will not be regarded as a part of the record, not having been incorporated in the bill of exceptions. (*Hop-*

*kins* v. *Dowd,* 11 Ark. 627.) This court has held that an amendment of a bill of exceptions, incorporating evidence alleged to have been omitted from the original bill of exceptions, cannot be allowed at a term subsequent to that at which the trial was had unless there is something in the record to amend by. (*Wallahan* v. *People,* 40 Ill. 102; *Dougherty* v. *People,* 118 id. 160; *Harris* v. *People,* 138 id. 63. See, also, *Mingia* v. *People,* 54 Ill. 274; *Stack* v. *People,* 80 id. 32; *Cochlin* v. *People,* 93 id. 410.) Motions of various kinds made during the progress of the cause, and rulings by the court thereon, must, in order to be reviewed, be preserved by a bill of exceptions. (3 Ency. of Pl. & Pr. 392.) Petitions or motions for a change of venue come within this rule. They do not become a part of the record unless made so by the bill of exceptions. *McElwee* v. *People,* 77 Ill. 493; *Bedee* v. *People,* 73 id. 320; *Heacock* v. *Hosmer,* 109 id. 245.

The burden is on the plaintiff in error to show that the proceedings of the trial court were illegal. Those proceedings will be presumed to be regular and free from error until error is shown by the record. Every reasonable intendment not negatived by the record will be indulged in support of the judgment below. (*Bonardo* v. *People,* 182 Ill. 411, and cases cited.) No objection or exception is found in the record as to any action of the trial court of which complaint is here made. There is nothing before us that would authorize a reversal of this case.

Counsel argue that in *Gardner* v. *People,* 106 Ill. 76, this court considered evidence heard on a plea of guilty which was not preserved by a bill of exceptions. While the opinion does not show the fact, a bill of exceptions containing the evidence in question was a part of the record.

The judgment of the circuit court of McHenry county is affirmed.

*Judgment affirmed.*