THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMER PENNINGTON, Plaintiff in Error.

*Opinion filed February 17, 1915.*

1. CRIMINAL LAW—*statute requiring defendant to be furnished with copy of indictment and list of witnesses is directory.* The statute requiring a defendant to be furnished with a copy of the indictment and a list of the jurors and witnesses before arraignment is directory, and before a defendant can take advantage of a failure to comply with the statute he must demand such copy and list and preserve the evidence of his demand by bill of exceptions.

2. SAME—*when fact that defendant was arraigned may be inferred from the record.* Where the record shows that the defendant was present in court and attended by his counsel and that he entered a plea, it may be inferred that the law was complied with and that the defendant was duly arraigned and called upon to plead to the indictment.

3. SAME—*it is sufficient if the record shows that the defendant was "duly admonished" by the court.* The requirement that

the court shall fully explain to a defendant the consequence of
his entering a plea of guilty is complied with where the record
shows that the defendant was "duly admonished by the court"
and persisted in his plea of guilty, as the words "duly admon-
ished," when so used, have a well defined meaning.

4. SAME—*the record need not show affirmatively that the court
examined witnesses on plea of guilty.* The record in a criminal
case, where the defendant has pleaded guilty, need not show af-
firmatively that the court examined witnesses in mitigation or
aggravation of the offense, and if it is claimed the court failed to
perform its duty in that regard or that the punishment is more
severe than the circumstances warrant, such matters must be made
to appear by a bill of exceptions.

WRIT OF ERROR to the Circuit Court of Wayne county;
the Hon. J. R. CREIGHTON, Judge, presiding.

BOGGS, BOGGS & HEIDINGER, for plaintiff in error.

P. J LUCEY, Attorney General, H. S. BURGESS, State's
Attorney, and GEORGE P. RAMSEY, for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error was indicted at the October term,
1912, of the circuit court of Wayne county for the crime
of rape. He entered a plea of guilty to the charge and
was sentenced to imprisonment in the penitentiary for the
term of two years. He has sued out a writ of error from
this court to obtain a review of the judgment based upon
his plea of guilty.

No bill of exceptions was preserved, and the only er-
rors that are open for consideration relate to certain al-
leged defects which appear in the record. Plaintiff in error
contends that the record is insufficient and defective in the
following particulars: (1) That the defendant was not
furnished with a copy of the indictment, a list of jurors
and witnesses and was not arraigned; (2) that the court
did not fully explain to the defendant the consequences of
entering a plea of guilty before the plea was received and

entered of record; and (3) that the record does not show that the court heard evidence touching the degree of plaintiff in error's guilt.

The record in this case is as follows: "And now, on this 27th day of October, being the seventh day of the present term of this court, comes the People, by the State's attorney, and also comes the defendant, attended by his counsel, Boggs, Boggs & Heidinger, as well as in his own proper person, and having filed his written waiver to the right to trial by a jury enters his plea of guilty to the charge of the indictment herein, and having been duly admonished by the court persists therein. The court, being fully advised in the premises, doth therefore order that the said defendant, Elmer Pennington, be taken from this bar to the county jail and from thence to the penitentiary at Chester, Illinois, there to remain for the space of two years, and that he pay the costs of this proceeding and execution issue therefor."

The requirement of the statute that every person charged with treason, murder or other felonious crime shall be furnished, previous to his arraignment, with a copy of the indictment and a list of the jurors and witnesses has been held by this court to be directory, and that in order to make the omission to comply with this statute available on error it is incumbent upon the accused to demand a copy of the indictment and a list of the witnesses and to preserve the evidence of such demand in a bill of exceptions. (*Kelly* v. *People,* 132 Ill. 363; *Bartley* v. *People,* 156 id. 234.) The record here failing to show that plaintiff in error demanded a copy of the indictment, lists of witnesses and jurors, he cannot be heard to complain that the same was not furnished him before his arraignment and plea. While the record does not show a formal arraignment of plaintiff in error, it does show that he was present in court and attended by his counsel and that he entered a plea. From the facts shown here it is fairly infer-

able that the law was complied with, and that the prisoner was brought to the bar of the court and duly arraigned and called upon to plead to the indictment. We think the record is sufficient in regard to the arraignment.

The next error complained of is that the record fails to show that the court fully explained to plaintiff in error the consequences of entering his plea of guilty before the same was received and recorded. The record shows that the plaintiff in error had been "duly admonished by the court" and that he persisted in his plea of guilty thereafter. The words "duly admonished" have a well defined meaning when used in this connection. The word "duly" has acquired a fixed legal meaning, and when used before any word implying action it means that the act was done properly, regularly and according to law. (*O'Donnell* v. *People,* 224 Ill. 218.) One of the common and well understood meanings of the word "admonish" is to caution or advise. In *People* v. *Ellsworth,* 261 Ill. 275, judgment was entered upon a plea of guilty and the same claim was advanced as is made here, that the record did not show that the court had fully explained to defendant the consequences of the entering of a plea of guilty. The record there was that the defendant was "admonished by the court as to the effect of a plea of guilty and the punishment which might be inflicted by the court," and it was held that it was sufficiently shown that the statute had been complied with. The recital in this record that the defendant entered his plea of guilty to the charge in the indictment and "having been duly admonished by the court" persisted therein, shows conclusively that the court fully explained to the plaintiff in error the consequences of entering such a plea, as that was the only caution or advice which the law required the court to give him at that time.

In *People* v. *Ellsworth, supra,* it was also contended, as here, that the court erred in not examining witnesses as to the mitigation or aggravation of the offense. The record

in the *Ellsworth case* was silent as to whether witnesses had been examined, and it was there held that it was not necessary that the record should show, affirmatively, that the court examined witnesses as to matters in mitigation or aggravation of the offense but that such matters must be presented by a bill of exceptions. In passing upon this question we there said: "The burden is on the plaintiff in error to show that the proceedings of the trial court were illegal. Those proceedings will be presumed to be regular and free from error until error is shown by the record. Every reasonable intendment not negatived by the record will be indulged in support of the judgment below. (*Bonardo* v. *People*, 182 Ill. 411, and cases cited.) No objection or exception is found in the record as to any action of the trial court of which complaint is here made. There is nothing before us that would authorize a reversal of this case."

That part of section 4 of division 13 of the Criminal Code making it the duty of the court to examine witnesses as to the aggravation and mitigation of the offense in cases where the party pleads guilty is mandatory, and it is necessary for the court to make such examination when requested or desired either on the part of the People or of the defendant. This is a privilege which may be waived by the parties and some other method of supplying the court with the necessary information be substituted in its stead. Should the court fail to perform its duty in this regard, or should it be claimed that the punishment was more severe than the circumstances shown would warrant, such matters must be presented for review by a bill of exceptions.

The record of the circuit court being regular in every respect, the judgment is affirmed.　　*Judgment affirmed.*