(No. 10883.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM HARNEY, Plaintiff in Error.

*Opinion filed December 21, 1916.*

1. CRIMINAL LAW—*when record sufficiently shows that effect of pleading guilty was fully explained by court.* A record showing a plea of guilty, and that the defendant, "being fully advised by the court of the effects in rendering said plea, he still persisting therein, the court ordered said plea to be accepted and entered of record against the said defendant," sufficiently shows a compliance with paragraph 424 of the Criminal Code, requiring that the effect of pleading guilty be fully explained by the court.

2. SAME—*language of the court explaining effect of pleading guilty need not be set out in the record.* The record must show, as the statute requires, that the effect or consequence of entering a plea of guilty was fully explained by the court to the defendant, but it is not required that the language of the court in making the explanation shall be set out in the record. (*People* v. *Siracusa,* 275 Ill. 457, followed.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding.

WILLIAM S. McNAMARA, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

At the September term, 1915, of the criminal court of Cook county, plaintiff in error was indicted for obtaining $5000 from Dwight E. Baker by means and by use of the confidence game. He was on the 14th day of March, 1916, sentenced, on a plea of guilty, to an indeterminate term of not less than one nor more than ten years in the penitentiary, and has sued out a writ of error to review that judgment.

What purports to be a bill of exceptions showing certain alleged proceedings after the judgment and sentence on the plea of guilty was stricken from the transcript, on motion of the Attorney General, because not filed at the term at which the alleged proceedings were had nor within any time thereafter fixed by the court during the term at which judgment was rendered, (*People* v. *Ellsworth*, 261 Ill. 275; *People* v. *Strauch*, 247 id. 220;) and because the trial judge did not certify that the proceedings attempted to be shown by the bill of exceptions were, in fact, had and were all the proceedings in said case after judgment. The only question, therefore, presented for our review is the alleged error that the court did not properly inform plaintiff in error of his rights and warn him as to the effect and consequences of his plea of guilty.

The record recites that plaintiff in error was furnished with a copy of the indictment and a list of witnesses and jurors, that he was attended by counsel, and on being arraigned and called upon to plead, entered his plea of guilty, "and he being fully advised by the court of the effects in rendering said plea, he still persisting therein, the court ordered the said plea to be accepted and entered of record against the said defendant." The record also recites the court heard some testimony and continued the cause to the

next day, March 14, to hear further testimony. On that day the court heard further testimony, rendered judgment on the plea and sentenced plaintiff in error to the penitentiary.

Counsel for plaintiff in error contends that the record does not show the court complied with paragraph 424 of the Criminal Code, which requires that where a defendant pleads guilty, "such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; after which, if the party persist in pleading guilty, such plea shall be received and recorded, and the court shall proceed to render judgment," etc. We have above quoted from the record that the defendant was fully advised by the court of the effect of the plea and after being so advised he persisted in the plea. The record does not recite what the court said in advising plaintiff in error of the consequences of entering the plea, but it recites that he was fully advised by the court of the effect of entering such plea and after such explanation he still persisted in the plea. The record is in almost the exact words of the record considered in *People* v. *Walker*, 250 Ill. 427. It was there held that where the record showed the defendant was fully advised by the court of the effect of entering a plea of guilty it must be presumed the court did its duty. The record must show, as the statute requires, that the effect or consequence of entering a plea of guilty was fully explained by the court to the defendant, but it is not required that the language of the court in making the explanation shall be set out in the record. In *People* v. *Siracusa*, 275 Ill. 457, it appeared from the record that after defendants entered pleas of guilty the court explained to them the consequences of such pleas, and it was held that was all the record was required to show.

No other question is preserved for our consideration. The judgment is affirmed.          *Judgment affirmed.*