(No. 19043.— <span style="background:black"></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEO GERKE, Plaintiff in Error.

*Opinion filed December 20, 1928.*

LESTER E. WILLIAMS, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and ROY D. JOHNSON, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Leo Gerke, on January 28, 1927, was indicted in the criminal court of Cook county for robbery with a dangerous weapon, and on February 4, 1927, he en-

tered a plea of not guilty to this indictment. On July 12, 1927, by leave of court he withdrew his plea of not guilty, and, the State's attorney having waived the "gun count," entered his plea of guilty to "robbery without a gun, in manner and form as charged in the indictment." Judgment was entered on the plea of guilty and plaintiff in error sentenced to an indeterminate term of imprisonment in the reformatory at Pontiac. To review this judgment and sentence plaintiff in error has sued out a writ of error from this court.

Paragraph 732 of the Criminal Code of this State provides as follows: "In cases where the party pleads 'guilty,' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; after which, if the party persists in pleading 'guilty,' such plea shall be received and recorded, and the court shall proceed to enter judgment and execution thereon, as if he had been found guilty by a jury. In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense."

It is contended by plaintiff in error that the paragraph of the Criminal Code above quoted is mandatory, and that, as a condition precedent to the rendition of a valid judgment, in all cases where the punishment varies, it is the duty of the court to examine witnesses as to the aggravation and mitigation of the offense before pronouncing judgment, and that a compliance therewith must affirmatively appear from the face of the judgment. One who seeks to reverse a judgment of conviction has the burden of showing that the proceedings of the trial court were illegal, as every reasonable intendment not negatived by the record will be indulged in support of the judgment. (*People* v. *Ellsworth,* 261 Ill. 275.) It is not necessary to determine whether the above paragraph of the Criminal Code applies to the instant case. Where the record shows that a defendant, before pleading guilty, was admonished

by the court as to the effect of such plea and the punishment which might be inflicted, it is not necessary that it show affirmatively that the court heard witnesses as to matters in mitigation or aggravation of the offense. (*People* v. *Ellsworth, supra; People* v. *Harney,* 276 Ill. 236.) The examination of witnesses as to the aggravation and mitigation of the offense in cases where a defendant pleads guilty is a privilege which may be waived by the parties and some other method of supplying the court with the necessary information be substituted in its stead. In cases where this paragraph of the Criminal Code applies, should the court fail to perform its duty in this regard, or should it be claimed that the punishment was more severe than the circumstances shown would warrant, such matters must be presented for review by a bill of exceptions. The record in the instant case does not contain a bill of exceptions. The record contains the following recitals: "And he having been furnished with a copy of the indictment in this cause and lists of the names of the witnesses, and he being now duly arraigned and forthwith demanded of and concerning the crime alleged against him in said indictment how he will acquit himself thereof, for a plea in that behalf says that he is guilty of robbery without a gun, in manner and form as charged therein. And he being fully advised by the court of the effects in rendering said plea, he still persisting therein, the court orders said plea to be accepted and entered of record against the said defendant. And the court hearing testimony of witnesses and being fully advised in the premises, doth find the said defendant guilty in manner and form as charged in the indictment."

It not appearing from the record in this case that the proceedings of the trial court were illegal, the judgment of the trial court will be affirmed. *Judgment affirmed.*