The People of the State of Illinois, Defendant in Error, v. Addison J. Throop, Plaintiff in Error.

Opinion filed September 6, 1934.

PHILIP G. LISTEMAN, for plaintiff in error.

OTTO KERNER, Attorney General, J. J. NEIGER, Assistant Attorney General, and LOUIS P. ZERWECK, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

On April 28, 1933, an indictment was returned into the circuit court of St. Clair county, charging that Addison J. Throop, plaintiff in error, and Arthur O'Leary and Frank McKane, as members of the board of review of said county, together with Charles Melvin, a member of the board of assessors, on July 7, 1932, conspired with each other and with one Edward J. Delmore, for the purpose of doing an illegal act injurious to the public morals, and knowingly solicited and obtained from divers persons and corporations sums of money upon the promise to reduce the assessed valuation of the real estate owned by such persons and corporations. On January 8, 1934, plaintiff in error, attended by his attorney, pleaded guilty to the indictment, and the cause, upon motion of the State's attorney, was by the court continued until the first of March following, for the purpose of sentence.

On January 27, 1934, plaintiff in error, now represented by different counsel, moved the court to withdraw the plea of guilty, and to enter a plea of not guilty. The motion, which was verified by affidavit of plaintiff in error, set forth that he was not guilty of the charge in the indictment; that he had a valid defense to same; that he entered the plea of guilty because he was fearful, afraid and confused, made so by statements of the State's attorney, and agreed to by his own counsel, that if he failed to plead guilty to the charge of conspiracy he would be prosecuted for

perjury in connection with testimony he had given before the grand jury; that he was not advised that there was no charge of perjury against him, and that no such accusation could be brought against him in connection with the pending indictment; and that he did not understand the nature of the plea.

Later, on March 1, 1934, he filed, under oath, his supplemental suggestions to the motion, in which he averred that among other defenses which he could interpose to the indictment, was that the conspiracy, if such there was, terminated on and prior to September 29, 1931, and that more than 18 months had elapsed between such date and the return of the indictment. There was a hearing before the court upon the motion, and certain proofs introduced by defendant in error, which will be hereafter discussed. Following the hearing, the court overruled the motion and sentenced plaintiff in error to pay a fine of $2,000 and be imprisoned in the State penitentiary for a term of not less than one nor more than five years, and to pay the costs. To reverse which sentence and judgment, this writ of error has been sued out.

Four reasons are assigned, in the statement of plaintiff in error, why the judgment cannot be sustained, namely: 1st. The trial court did not comply with the statute, in admonishing him of the consequences of the plea of guilty. 2nd. Because the court heard and considered improper evidence and affidavits upon the part of the People, upon the hearing of the motion of plaintiff in error for leave to withdraw the plea of guilty. 3rd. The court erred in denying the motion of plaintiff in error for leave to withdraw the plea of guilty and file in lieu thereof a plea of not guilty. 4th. Because the court did not, before passing sentence, hear evidence in aggravation and mitigation of the offense.

Plaintiff in error has failed to discuss or refer to, in his brief and argument, the second assignment of

error. It is the established law of this State, where no argument is presented in support of an assignment of error, the presumption obtains that such assignment has been waived and abandoned, and the court is under no obligation to consider it. *International Harvester Co. v. Industrial Board of Illinois,* 282 Ill. 489; *City of Mt. Carmel v. Howell,* 137 Ill. 91. The situation coming squarely within the rule as stated, we will not inquire into the assignment, but will treat it as having been waived.

As to the first ground, claimed as error, the record shows that plaintiff in error was present in open court, in person and represented by counsel; that he was arraigned, furnished with a copy of the indictment and list of jurors and witnesses, and advised of the crime with which he is charged; that "Addison J. Throop pleads guilty. He is admonished of the consequences of such plea by the court, and still persists in pleading guilty." Plaintiff in error insists that the record must show that the admonition of the court, as to the consequences of the plea of guilty, must precede the entry of the plea, and that it is not sufficient to admonish him as to such consequences, after plea has been entered.

Section 4 of Div. 13 of the Criminal Code, Cahill's St. ch. 38, ¶ 756, provides: "In cases where the party pleads 'guilty,' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; after which, if the party persist in pleading 'guilty,' such plea shall be received and recorded, and the court shall proceed to render judgment," etc.

The phrase, "such plea shall not be entered," etc., as used in the section, has reference to a record to be made of the plea, by the clerk of the court, and not merely to an oral announcement of same by the accused or his attorney. *Blatchford v. Newberry,* 100

Ill. 484, 489; 20 Corpus Juris, 1266. The very words of the section imply that before the court may admonish as to consequences of the plea of guilty, the accused, personally, or by attorney, shall declare his purpose so to plead; whereupon the court shall fully explain the consequences and effect of the plea, and after which, if he persist in such plea, it shall be entered of record. The phrase, "after which, if the party persist in pleading 'guilty,' such plea shall be received and recorded," presupposes that a plea of guilty must be announced, before the court shall explain the consequences of same; otherwise, how could he persist in such plea, if he had not previously made one. The word "persist" means to continue or persevere in some course of action especially in spite of remonstrance or opposition. 48 Corpus Juris, 1037. Surely, he could not "persist" in pleading guilty unless he had first made such a plea. We think the statute intends that while the accused, in person or by counsel, may declare or state to the court that he pleads guilty, yet no entry of such plea, in the sense that same is made a matter of record, shall be accomplished, until the court shall have duly admonished him as to the consequences of the same, after which, if he persist therein, it shall be received and recorded.

The record affirmatively shows that plaintiff in error was duly arraigned, announced that he pleaded guilty, was admonished by the court as to the consequences of the plea, after which he persisted in pleading guilty. Where such is true, it is a sufficient compliance with the statute. *People v. Harney,* 276 Ill. 236; *People v. Walker,* 250 Ill. 427; *People v. Pennington,* 267 Ill. 45; *People v. Conrad,* 299 Ill. 473.

Thirdly, it is contended that the court erred in overruling the motion asking for leave to withdraw the plea of guilty, and enter in lieu of same a plea of not guilty. The grounds argued in support of such assign-

ment are that plaintiff in error pleaded guilty, not understanding the nature or the consequences of such plea, and that he did so because he was confused and fearful, in consequence of the representations of the State's attorney and his own counsel that he would be guilty of perjury, and would be charged with such crime, if he pleaded not guilty to the indictment for conspiracy. Also, that the People failed to answer the ground of defense set forth in the supplemental suggestions, that the conspiracy charged, if it ever existed, had terminated over 18 months prior to the finding of the indictment.

The hearing was upon the verified motion and supplemental suggestions, on the part of plaintiff in error; while on behalf of the People there was introduced a statement of plaintiff in error, under oath, relative to the facts of the offense charged, which was as complete in detail as it was astounding in character, and which clearly showed plaintiff in error to be guilty. Also, affidavits of others that plaintiff in error had admitted his guilt and expressed his willingness and desire to plead guilty. These were supplemented by affidavits of the State's attorney, and the counsel for the accused, to the effect that no threats were made to him to induce such statements, nor that he was told that he would be prosecuted for perjury unless he pleaded guilty.

As we have seen, the record showed that plaintiff in error had had explained to him, and understood, the nature of the plea of guilty and its consequences. The preponderance of the evidence submitted upon the proposition as to whether plaintiff in error was told that unless he pleaded guilty to conspiracy, he would be prosecuted for perjury, was that no such statements were made to him.

As to whether there was proof that the last act in furtherance of the alleged conspiracy, occurred within

the period of limitation, it appears from the statement of plaintiff in error that in November, 1931, he talked with Delmore and asked for money received as a result of the conspiracy. This was an act in pursuance of, and in furtherance of, the alleged conspiracy, and was within 18 months of the return of the indictment. Plaintiff in error, though present, did not deny or qualify the statement, either by affidavit or by oral testimony; hence the court was justified in believing it to be the truth. The statute of limitations runs only from the date of the last overt act in furtherance of the common design. *People v. Drury,* 335 Ill. 539; *People v. Walsh,* 322 Ill. 195. We think the court was warranted in holding that the proof showed an act, in furtherance of the alleged conspiracy, occurred within 18 months of the finding of the indictment, and that the statute of limitations, upon the showing as made, would not have been a defense to the charge of conspiracy.

Whether pleas of guilty will be permitted to be withdrawn rests largely in the discretion of the trial court, and should always be granted where it will best serve the ends of justice. When, however, it is made to appear that an accused person has understandingly pleaded guilty, freely and of his own volition, not being surprised nor subjected to outside influence, and that justice will not be promoted by granting such leave, the court may properly overrule such motion. We think that upon the showing made, the court was justified in denying leave. *People v. Stamatides,* 297 Ill. 582.

Lastly, it is urged that the court was guilty of error in not hearing evidence in aggravation and mitigation of the offense before pronouncing sentence. Said section 4, Div. 13 of the Criminal Code, Cahill's St. ch. 38, ¶ 756, requires, "in all cases where the court possesses any discretion as to the extent of the punishment, it

shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense.''

In *People v. Pennington,* 267 Ill. 45, in construing such section, the court stated the rule which governs to be that the provisions of the section are mandatory, and it is requisite that the court make such an examination when requested or desired either on the part of the People or the accused; that it is a privilege which may be waived by the parties, and the information supplied to the court in some other way, and that the failure or refusal of the court to perform its duty in such behalf, or, if it should be contended that the sentence was more severe than warranted, such matters must be presented for review by bill of exceptions, as every reasonable intendment not negatived by the record will be indulged in support of the judgment; and further, that it is not necessary that the record show affirmatively that the court heard witnesses in aggravation and mitigation of the offense. To the same effect are *People v. Gerke,* 332 Ill. 583; *People v. Popescue,* 345 Ill. 142, 155.

Here the record showed that after denying the motion for leave to withdraw the plea of guilty, the court asked plaintiff in error if he had aught to say why sentence should not be pronounced, and to which he answered ''no.'' He did not, though it is manifest he had full opportunity therefor, by himself or through counsel,—though both were present—ask leave to offer evidence in mitigation of the offense. This was a privilege of which he might avail himself, or which he might waive, as he preferred. *People v. Pennington, supra.* There is nothing in the bill of exceptions showing that he claimed the privilege, and that the court denied him the right to make such proof. Hence it will be presumed that he made no such claim,— *People v. Popescue, supra,* and the failure to claim

such right amounts to a waiver of same. *People v. Crooks,* 326 Ill. 266, 273.

The court had before it the evidence heard upon the motion for leave to withdraw the plea of guilty, which was sufficient to advise the court as to the circumstances and character of the crime. Manifestly, both the accused and the People were content to have the court pronounce sentence with the knowledge gained from the evidence submitted upon such hearing, as it does not appear from the bill of exceptions that either asked the privilege of presenting any other proofs or calling any witnesses as to circumstances of aggravation and mitigation.

The record not showing that the court failed in its duty in this regard, it will be presumed that the accused made no request for such hearing, but on the contrary waived same. *People v. Gerke, supra; People v. Ellsworth,* 261 Ill. 275.

We find no reversible error in the record, and the judgment will be affirmed.

*Judgment affirmed.*