(No. 22791.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ADDISON J. THROOP, Plaintiff in Error.

*Opinion filed February 21, 1935.*

FARTHING, J., took no part.

PHILIP G. LISTEMAN, for plaintiff in error.

OTTO KERNER, Attorney General, LOUIS P. ZERWECK, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE HERRICK delivered the opinion of the court:

Addison J. Throop (hereinafter called the defendant) was a member of the board of review of St. Clair county. The grand jury of that county on April 28, 1933, returned an indictment charging the defendant, together with Arthur O'Leary and Frank McKane, as members of the board of review of such county, Charles Melvin, as a member of the board of assessors, and Edward J. Delmore, with the crime of conspiracy to do an illegal act injurious to the public morals, in violation of section 46 of the Criminal Code. (Cahill's Stat. 1933, chap. 38, par. 116, p. 1001; Smith's Stat. 1933, chap. 38, par. 139, p. 1017.) The defendant, in person and by his attorney, on January 8, 1934, entered a plea of guilty to the indictment. The matter of pronouncing sentence was on the motion of the State's attorney continued to March 1, 1934. The defendant, now represented by a different attorney, on January 27, 1934, made his motion for leave to withdraw the plea of guilty and enter a plea of not guilty. This motion was supported by the affidavit of the defendant, in which he stated (1) that he had not been advised by his then attorney that they were going to the court on the morning of January 8, 1934, for the purpose of the defendant pleading guilty; (2) that he was not guilty of the charges in the indictment and had a valid defense to each charge made thereby; (3) that the plea of guilty was entered by him because of statements made to him by the State's attorney, which statements were agreed to by the defendant's then attorney, and were to the effect that the defendant would be prosecuted for perjury because of testimony he had given before the grand jury in the event he failed to enter such plea of guilty; (4) that the defendant was not advised by the trial court that no charge of perjury was then pending against him and that no charge of perjury could be brought against him in connection with the present indictment; and (5) that he was fearful, afraid and confused

and did not understand the nature of the plea at the time he entered the same.

On March 1, 1934, the defendant filed an additional affidavit in support of his motion to withdraw his plea, in which he claimed that the conspiracy charged by the indictment, if, in fact, there had been a conspiracy, was terminated more than eighteen months prior to the return of the indictment. At the hearing on this motion the People offered in evidence a transcript of the confession made by the defendant, Addison J. Throop, on April 14, 1933, at the sheriff's office in Belleville, Illinois. This confession covers many pages of typewritten matter. It would serve no useful purpose to give here all the details of the offense as revealed by such transcript. Suffice it to say that the confession details an amazing and startling series of overt acts of corruption in the course of the perpetration of the conspiracy and discloses a shocking criminal betrayal of his trust as a public officer on the part of the defendant. From the confession it appears that the defendant was elected to the board of review in November, 1928; that he and two other members of such board, a member of the board of assessors, and Edward J. Delmore, entered into a conspiracy whereby assessed valuations on the property of certain corporations in St. Clair county would be reduced in exchange for money to be paid to the conspirators. Delmore was the contact man and collecter. He paid to the defendant on different occasions sums aggregating over $3000 out of funds gathered by Delmore. In November, 1931, the defendant requested Delmore to pay to the defendant his share of money then in Delmore's possession acquired by means of the conspiracy but which loot had not then been divided.

The People also offered several affidavits which were read into the record. The affidavit of the State's attorney stated that no force had been used nor any promise or threat made by any person to induce the defendant to enter

his plea of guilty, nor had the defendant been told that unless he entered a plea of guilty he would be prosecuted for perjury. This was corroborated by the affidavit of the attorney who represented the defendant at the time the plea of guilty was entered. The affidavit of Charles W. Marcelek stated that the defendant told affiant that the defendant intended to testify for the People; that he said, "I have testified before the grand jury and made my confession and I am guilty;" that he at a later time stated to affiant, "No; I am still guilty, and I believe I will do what I can to help the State," and again expressed his intention of pleading guilty. The affidavit of Joseph W. Adams stated that when he visited the defendant in the county jail on April 20, 1933, he told affiant: "I don't need a lawyer in this case. I am at the mercy of the public prosecutors— not persecutors. I am willing to take my medicine and I fully intend to enter a plea of guilty. I bitterly regret that I allowed myself to become entangled as I did. I believe, however, that the course of the law will be served on me. Any number of attorneys could not change the facts in my case. I presume that I will be arraigned, and I will, of course, confess." The affidavit of Calvin Johnson stated that when he visited the defendant in the county jail he said to affiant: "Two weeks ago you told me that you believed I was as clean as a hound's tooth. What do you think of me now? The only way I can regain a portion of my self respect is to make a clean breast of the whole mess and probably keep those fellows from corrupting some other fellow like they did me."

The waiver of immunity signed by the defendant, in which he consented to appear before the grand jury and give testimony and agreed not to move to quash any indictment that might be returned against him, was also introduced in evidence by the State.

The trial court overruled the motion to withdraw the plea of not guilty and sentenced the defendant to serve a

term in the penitentiary of from one to five years and to pay a fine of $2000. The Appellate Court for the Fourth District, on review of the record, affirmed the judgment of conviction. (*People* v. *Throop,* 277 Ill. App. 1.) The defendant brings the record here for further review.

As grounds for reversal the defendant urges (1) that the trial court erred in permitting him to plead guilty without properly admonishing him as to the consequences of such plea; (2) that the trial court should have permitted him to withdraw his plea of guilty and to file a plea of not guilty; and (3) that the trial court did not hear evidence in aggravation or mitigation of the offense before imposing sentence.

No question is argued in the defendant's brief that the trial court erred in admitting any of the several affidavits and writings in evidence. The defendant raises no issue that his confession was obtained by any improper means, or that any inducement by way of leniency was held out to him in order to procure his confession, or that the sentence pronounced against him was unduly severe.

The only part of the record which bears on the first alleged error is in the order of the court, which recites: "Addison J. Throop pleads guilty. He is admonished of the consequences of such plea by the court and still persists in pleading guilty. On motion of State's attorney the matter of sentence to be pronounced against said Addison J. Throop is continued to March 1, A. D. 1934." The defendant urges that the record should show that the admonition as to the consequences of the plea should precede the entry of the plea.

Section 4 of division 13 of the Criminal Code (Cahill's Stat. 1933, chap. 38, par. 756, p. 1085; Smith's Stat. 1933, chap. 38, par. 732, p. 1102;) provides that "in cases where the party pleads 'guilty,' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; after which, if the party

persist in pleading 'guilty,' such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon, as if he had been found guilty by a jury." The phrase "such plea shall not be entered" has reference to the actual entering of the plea by the clerk by writing the same in the record. In practice the word "enter" means "to place anything before a court or upon or among the records in a formal and regular manner, and usually in writing, as, to 'enter an appearance,' to 'enter a judgment.'" Black's Law Dict. (3d ed.) p. 665.

It is obvious that the statute does not intend that the court shall admonish the defendant as to the consequences of a plea of guilty before he has signified his desire to enter such a plea. After being admonished by the court the defendant has the right to withdraw the plea made by him. If he does not and signifies his desire to plead guilty after having been admonished by the court, or, in the words of the statute, "if the party persist in pleading guilty," then the plea is accepted and "entered" by entering the same upon the record.

Defendant cites the cases of *People* v. *Varecha,* 353 Ill. 52, *People* v. *Rusk,* 348 id. 218, and *People* v. *Sweetland,* 210 Ill. App. 432, as authority for the proposition that there was insufficient compliance with the statute in this case. None of the cases are persuasive of the correctness of the position taken by the defendant on the present record and we deem a review of those cases unnecessary.

It is not necessary for the record to contain the particular words of warning that are spoken to the defendant. (*People* v. *Harney,* 276 Ill. 236.) When the record recites that the defendant was admonished as to the consequences of the plea, it will be presumed, in support of such recital, that the court discharged its duty. (*People* v. *Walker,* 250 Ill. 427; *People* v. *Blumberg,* 314 id. 567.) A similar showing of the sequence of the admonishment and the plea in the record was held to be a sufficient compli-

ance with the statute in the case of *People* v. *Pennington,* 267 Ill. 45. Under the conditions of this record this contention of the defendant cannot be sustained.

The general rule is that it is within the sound discretion of the court whether the plea of the defendant may be withdrawn, where, with a full understanding of the nature of the charge against him, he has pleaded guilty to an indictment. (*People* v. *Ensor,* 319 Ill. 255; *People* v. *Kleist,* 311 id. 179; *People* v. *Bonheim,* 307 id. 316; *People* v. *Stamatides,* 297 id. 582.) The following exceptions are recognized to the above rule: (1) Where it appears that a plea of guilty was entered through a misapprehension of the facts or the law; (2) where it appears that there is doubt of the defendant's guilt; (3) where it appears that the defendant has a defense worthy of consideration by a jury; and (4) where it appears that the ends of justice will be best served by submitting the case to a jury. In the event the record of the proceeding falls within any of the foregoing exceptions the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty. (*People* v. *Byzon,* 267 Ill. 498; *People* v. *Walker, supra; Krolage* v. *People,* 224 Ill. 456; *People* v. *Kleist, supra.*) In this case the evidence introduced at the hearing on motion to withdraw the plea is convincing of the fact that the ends of justice would not be best served by submitting the case to a jury. The defendant does not bring himself within any of the other exceptions to the general rule.

The contention that the offense is barred by the eighteen months' Statute of Limitations is untenable. The attempt of the defendant in November, 1931, to procure a further distribution of the graft money collected as a result of the conspiracy was an overt act committed in furtherance of the conspiracy and was within the period of eighteen months immediately prior to the return of the indictment. The Statute of Limitations runs from the date of the commis-

sion of the last overt act in furtherance of the common design. *People* v. *Drury,* 335 Ill. 539; *People* v. *Walsh,* 322 id. 195; *Ochs* v. *People,* 124 id. 399.

The affidavits of the State's attorney and the defendant's then attorney at the time the plea of guilty was entered effectively contradict the claim made by the defendant that he was threatened with prosecution for perjury in the event he failed to plead guilty, and further disclose that he made such plea without any duress, threat or promise. The plea was not entered through a misapprehension of the facts or of the law. The denial of the motion to withdraw the plea was within the discretion of the trial court and there was no abuse of that discretion. *People* v. *Archambault,* 295 Ill. 266.

Section 4 of division 13 of the Criminal Code provides that under a plea of guilty, "in all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense." This statute has been construed in the cases of *People* v. *Pennington, supra,* and *People* v. *Crooks,* 326 Ill. 266. Each case holds that if such examination of witnesses is requested or desired by either party it is the duty of the court to grant such examination, but if neither party makes such request such examination and hearing will be held to have been waived. The record shows that the defendant, after having been admonished by the trial court, was asked by the trial judge if he had anything to say why sentence should not be pronounced upon him. To this inquiry he answered "no." The court by the confession of the defendant then before the court was fully informed of the part played by him in the conspiracy. The record does not disclose that either the State's attorney or the defendant requested the trial court to examine any witnesses in the matter of mitigation or aggravation before passing sentence. In the absence of such showing the presumption

is that the defendant waived any hearing on the subject of mitigation. *People* v. *Gerke,* 332 Ill. 583.

Where a defendant seeks a reversal of the judgment of conviction he assumes the burden of showing the illegality of the proceeding which resulted in the judgment against him. All reasonable intendments not contradicted by the record are in favor of the validity of the judgment. (*People* v. *Gerke, supra.*) After a careful examination of the record we find no prejudicial error committed against the defendant.

The judgment of the Appellate Court was correct, and it is affirmed. *Judgment affirmed.*

Mr. Justice Farthing took no part in this decision.