(No. 27093.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL WILLIAMS, Plaintiff in Error.

*Opinion filed May 20, 1943—Rehearing denied Sept. 14, 1943.*

FRANCIS J. CALLAHAN, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, Paul Williams, pleaded guilty in the criminal court of Cook county to the crime of murder. The court, after hearing evidence in aggravation or mitigation of the offense, sentenced him to death by electrocution. He brings the cause here on the common-law record. From that record it appears that he first entered a plea of not guilty and later, with the consent of the court, withdrew his original plea and pleaded guilty to the crime of murder. The court order receiving the plea of guilty and entering it of record, is in the following words: "And the said defendant having been furnished with a copy of the indictment and with a list of the witnesses appearing thereon, and being informed of the nature of the charges in the indictment, and being cautioned and warned of the effect of a plea of guilty of murder and of the penalty provided by law for the offense to which the said defendant now pleads guilty and that the court has the power to impose said penalty; but the defendant persists in his plea of guilty of murder and said plea of guilty of murder is ordered to be received and entered of record in this cause."

The complaint here is that the above portion of the record does not show that the court "fully advised or explained" to the defendant the consequences of entering a plea of guilty, as required by section 4, division XIII, of the Criminal Code. (Ill. Rev. Stat. 1941, chap. 38, par. 732.) It is argued that because the record fails to use the word "fully," it does not show that the court had jurisdiction

to enter judgment on the plea of guilty, and that the language used does not satisfy the requirements of the statute.

In cases where a similar question was presented to this court, it was held as follows: In *People* v. *Conrad,* 299 Ill. 473, the record, which recited: "the effect of the said plea having been explained to him," was held sufficient to satisfy the statute. In *People* v. *Harney,* 276 Ill. 236, and in *People* v. *Walker,* 250 Ill. 427, the words "fully advised" were held to be sufficient. In *People* v. *Ellsworth,* 261 Ill. 275, the words "admonished by the court" were considered sufficient, while in *People* v. *Pennington,* 267 Ill. 45, the words "duly admonished" were held to show conclusively that the court fully explained the consequences of entering such a plea, as that was the only caution or advice which the law required that the court give.

The purpose of the statute is that the court explain the effect or consequences of entering a plea of guilty to a charge of murder before accepting the plea of defendant. It is not required that the record set out the exact language of the statute though it is required that the purpose and meaning of the statute shall be fully complied with. (*People* v. *Harney,* 276 Ill. 236.) In the *Pennington case,* cited, the word "admonished" was defined to mean "cautioned or advised." In the present case the words used in the record are "being cautioned and warned." Those words clearly show that the court fully complied with the demands of the statute in explaining to the plaintiff in error the consequences of his plea.

It is argued that as there are numerous penalties for murder and the record does not show that the court definitely informed the defendant that such penalty might be death in his case, therefore the record does not show sufficient warning. This conclusion is not justified by the record, which definitely states that the defendant was cautioned and warned of the penalty provided by law for the offense of murder, which must be taken to include the

penalty of death. It will not be presumed that the court erroneously stated to him only a portion of the effect of his plea when the record states that he was cautioned and warned of the penalty provided by law. This contention cannot be sustained.

It is next urged that error was committed in the sentencing of plaintiff in error at the time of his trial, without sufficient time to prepare and argue his written motion for a new trial, thereby depriving him of his life without due process of law. The record does not disclose that plaintiff in error at any time attempted or moved to vacate the judgment or withdraw his plea of guilty. What statements were made and what testimony was offered on the hearing, is not before this court, as no bill of exceptions was filed, and we are unable, therefore, to say that the court was not entirely right in the orders made. They were made after a hearing of numerous witnesses concerning matters of extenuation or aggravation of the offense. It can scarcely be said, in a case where a plea of guilty has been entered and there is a hearing following under the statute, that such proceeding is a trial. In fact, such hearing by the court after a plea of guilty is not, in a strict sense, a trial. It was so held in *People* v. *Popescue,* 345 Ill. 142. It is a proceeding whereby the court may determine from evidence submitted, the proper character or degree of punishment to be meted out to the guilty defendant. In the absence of the transcript pertaining to the conduct of such hearing, this court is unable to know whether error may be predicated upon that hearing. The common-law record does not present a transcript of evidence. It appears from the record that the so-called motions for a new trial and in arrest of judgment were made by defendant's counsel and overruled.

The record in nowise discloses that plaintiff in error's counsel asked for a continuance of the hearing on the degree of punishment or in any manner objected to such

hearing. It does appear that he was given ample time to file a bill of exceptions and that the full record, including a transcript of the testimony, was made available without charge, and while he cites cases of this and other jurisdictions holding that the failure of the court to allow sufficient time to prepare written motions for a new trial and in arrest of judgment, amounts to a denial of due process of law, those cases were of trials had before a jury in which the defendant had been limited in presenting grounds of a motion for a new trial. The record before us gives this court no right to presume that the fact that the entire case required but one day, has resulted in any prejudice to the plaintiff in error. We find no error in the record in this regard.

It is finally urged that error was committed in fixing the date on which the sentence of death should be executed. Sentence was pronounced on October 2, 1942, to be carried out on January 16, 1943. Section 1 of division XIV of the Criminal Code provides that a death sentence shall be carried out at such time as the court shall direct, not less than fifty nor more than sixty days from the time sentence is pronounced, "provided, the day set shall not occur before the fifth day of the term of the Supreme Court occurring next after the expiration of the said fifty days." Prior to the amendment of 1941, this section provided that an execution date should be set not less than fifteen nor more than twenty-five days from the date of sentence, provided that the date shall not occur before the tenth day of the term of court next occurring. It will be seen that, except for the number of days fixed, the only essential difference between the original and the amended section is that the latter provides that the term of the Supreme Court next occurring after the expiration of fifty days from the date of sentence shall govern the date of execution.

The statute, prior to its amendment, was considered in *Wallace* v. *People,* 159 Ill. 446, as not authorizing the court to fix the date for the execution more than the maximum number of days after sentence where it was not necessary to do so in order to comply with the proviso relating to the next term of the Supreme Court, and in *White* v. *People,* 81 Ill. 333, it was held to be error to set such date before the tenth day of the next term of the Supreme Court following a sentence. It is clear from those cases that the trial court in this case could not properly fix the date of execution before the fifth day of the January, 1943, term, which was January 15. Sentence having been pronounced on October 2, 1942, the fifty days minimum expired November 20, 1942, and the sixty days maximum expired December 1, 1942. There was no term of this court following the expiration of the fifty-day period until the January term commencing January 11. This was also after the expiration of the sixty-day maximum. The fifth day of the January term was January 15, and under the statute, as required by the proviso, sentence could not have been carried out prior to that time. A proviso is as much a part of the statute as other language in it and controls in the present case. The date of execution was fixed on the sixth day of the January term. This was not prohibited, as the requirement of the statute is that the date shall not be fixed earlier than the fifth day of the term. There was no error in fixing the date of execution. The judgment of the criminal court of Cook county is affirmed. The clerk of this court is directed to enter an order fixing Friday, the 17th day of September, 1943, as the date on which the original sentence entered in the criminal court of Cook county shall be executed. A certified copy of this order shall be furnished by the clerk of this court to the sheriff of Cook county.

*Judgment affirmed.*