THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OSMAN P. HUGHES, Plaintiff in Error.

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

JAY J. McCARTHY, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and JOHN R. KANE, State's Attorney, of Harrisburg, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Two indictments were returned in the circuit court of Saline county, at the September term, A. D. 1934, against

plaintiff in error, Osman P. Hughes. One of the indictments charged him with the murder of Georgia Summers and the other with the murder of Esther Braden. He entered a plea of guilty to each indictment and was sentenced to the penitentiary for his natural life at hard labor for the murder of Georgia Summers and for a term of ninety years for the murder of Esther Braden. He has since been confined in the penitentiary and brings these cases before this court upon the common-law record. Writs of error were sued out and a consolidation of the cases was ordered by this court. The common-law record, after being filed in this court, was supplemented after leave granted and a complete new common-law record was filed. An analysis of this record and the briefs filed herein reveals the same issues are presented by the plaintiff in error in each case with the exception of the terms of sentence as set out above.

Many of the errors assigned by the plaintiff in error in his brief and argument, which was before the additional record was filed, have been obviated. However, plaintiff in error, in his reply brief, contends that the complete common-law record filed by permission of this court does not in any way cure any of the errors assigned and argued in his brief, except it shows the *placita*. It is therefore necessary to analyze the new common-law record as filed, to ascertain whether or not plaintiff in error has been illegally confined. He contends that the common-law record fails to show the formation of a legally constituted court, that it fails to show the name of any qualified judge presiding at the trial, that it fails to show that the trial court heard any evidence in aggravation or mitigation of the offense and for that reason any purported judgment entered against him was, and is, null and void.

There is no merit in the contention on the part of plaintiff in error that the common-law record as now presented fails to show the proper formation of the court, or that it does not contain any *placita* or convening order of the

court. An examination of the record reveals a *placita*, a proper judge presiding, and that the court was duly convened. It is further shown that thereafter a grand jury venire was properly returned into open court and the jurors duly sworn. It is further shown by the record that the grand jury, accompanied by its sworn bailiff, made return into open court true bills of indictment for felonies which were ordered filed, docketed, and process ordered issued thereon with bail severally fixed. In this return true bills of indictment were shown by the record against said plaintiff in error.

There is no merit in the contention of plaintiff in error that the common-law record fails to show affirmatively that the said indictments or true bills were returned into open court; that by reason thereof said indictments or true bills were and are, void and wholly insufficient to give the court jurisdiction over the subject matter or the person of the defendant therein named, and that, in consequence thereof, the proceedings subsequent thereto were and are now void. The record shows conclusively that the indictments were properly returned and duly filed in the circuit court of Saline county, Illinois, by the clerk of that court, on September 11, 1934. The common-law record in this instance imports verity and is the sole and unimpeachable evidence of the proceeding. *People* v. *Kuhn,* 291 Ill. 154.

It is further urged by plaintiff in error that the common-law record fails to show that the trial court advised defendant of his constitutional rights to a jury trial or that the judge fully explained and advised the defendant of the consequences of entering a plea of guilty. This is not in accord with the record. It is clearly stated therein that the defendant was, by the court, fully advised of his rights when he entered his plea of guilty; that he appeared in open court by his attorney; that through and with the advice of his attorney he entered a plea of guilty to murder as charged in the said indictments. The record further

shows that the court advised the defendant of his rights under the law and advised and admonished him of the consequences of his said plea. It is not necessary for the record to contain the particular words of warning that are spoken to the defendant by the court. (*People* v. *Throop,* 359 Ill. 354; *People* v. *Harney,* 276 Ill. 236.) When the record recites that the defendant was admonished as to the consequences of his plea, it will be presumed, in support of such recital, that the court discharged its duty. *People* v. *Throop,* 359 Ill. 354; *People* v. *Blumberg,* 314 Ill. 567; *People* v. *Walker,* 250 Ill. 427.

Plaintiff in error contends that the common-law record fails to affirmatively show that the trial court heard evidence either in mitigation or aggravation of the offense charged in the indictment and cites the case of *People* v. *Donovan,* 376 Ill. 602. The record in that case is not comparable with the record in the case at bar. Donovan was not represented by counsel and while the judgment there recited that he was duly admonished as to the consequences and effect of his plea, it did not show evidence was heard on the question of aggravation of the offense charged. The record there was silent as to whether or not the court did or did not hear evidence in his behalf. In the instant case the record shows that the court did hear evidence in behalf of the defendant as to the circumstances surrounding the homicide. It is not necessary that evidence so heard be preserved or that the court make any special findings concerning the same. (*People* v. *Decker,* 347 Ill. 258.) There is nothing in the common-law record disclosing a failure of the trial court to hear the testimony of witnesses on the question of aggravation or mitigation of the offense. The record discloses that evidence was heard. The record need not affirmatively disclose that the court examined the witnesses on the plea of guilty. *People* v. *Sprague,* 371 Ill. 627; *People* v. *Pennington,* 267 Ill. 45.

Where a defendant seeks a reversal of the judgment of conviction he assumes the burden of showing the illegality of the proceeding which resulted in the judgment against him. All reasonable intendments not contradicted by the record are in favor of the validity of the judgment. (*People* v. *Throop,* 359 Ill. 354; *People* v. *Gerke,* 332 Ill. 583.) Having failed in this respect and no prejudicial error appearing in the record, the judgments of the circuit court of Saline county in cases No. 27599 and 27600 are affirmed.

*Judgments affirmed.*