(No. 27670.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FORREST G. WITHEY, Plaintiff in Error.

*Opinion filed September 19, 1944.*

FORREST G. WITHEY, *pro se.*

GEORGE F. BARRETT, Attorney General, and MAX A. WESTON, State's Attorney, of Rockford, (WILLIAM H. GATES, of Rockford, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error pleaded guilty in the circuit court of Winnebago county to the charge of robbery while armed. He brings here what he characterizes as the common-law record, and says that the court erred in not appointing

counsel for him, in not hearing evidence in mitigation and aggravation of the offense, and in the sentence which it imposed.

As to his first complaint: Section 9 of article II of the constitution of this State gives to all persons charged with crime the right to appear and defend in person and by counsel. Section 2 of division XIII of the Criminal Code (Ill. Rev. Stat. 1943, chap. 38, par. 730,) provides that every person charged with crime shall be allowed counsel and when he shall show, upon oath, that he is unable to procure counsel, the court shall assign him competent counsel. Thus it is provided that, in the trial court, counsel is to be provided where a showing is made of inability to procure same.

It will be seen, however, that before the court is obliged to appoint counsel for the defendant, he must show, under oath, that he is unable to procure counsel. There is no requirement that the trial court provide counsel in the absence of such showing. *People* v. *Childers,* 386 Ill. 312; *People* v. *Kawoleski,* 310 Ill. 498.

Plaintiff in error next complains that the court failed to examine witnesses in mitigation or aggravation of the offense to which he pleaded guilty. This point was likewise passed upon adversely to plaintiff in error's contention in numerous cases in this court. *People* v. *Childers,* 386 Ill. 312; *People* v. *Throop,* 359 Ill. 354; *People* v. *Gerke,* 332 Ill. 583; *People* v. *Crooks,* 326 Ill. 266; *People* v. *Pennington,* 267 Ill. 45.

Plaintiff's contention that it was error to sentence him to the Illinois State Penitentiary at Joliet, thus fixing a definite place of imprisonment, was passed upon by this court in the *Childers case* and in *People* v. *Buckner,* 281 Ill. 340, where such sentence was approved.

There being no error in the record, the judgment of the circuit court of Winnebago county is affirmed.

*Judgment affirmed.*