(No. 28754.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLIFFORD FARRIS, Plaintiff in Error.

*Opinion filed November 21, 1945—Rehearing denied Jan. 17, 1946.*

CLIFFORD FARRIS, *pro se.*

GEORGE F. BARRETT, Attorney General, and ROBERT H. CHASE, State's Attorney, of Metropolis, (GROVER C. HOLMES, of Metropolis, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

In August, 1933, plaintiff in error, upon a plea of guilty to murder, was sentenced by the circuit court of

Massac county to the Illinois State Penitentiary for the term of his natural life. He has sued a writ of error out of this court to review the record of his conviction. He appears *pro se*.

Plaintiff in error has not included in his record a bill of exceptions. He has filed a common-law record containing the judgment entered in his case.

The alleged errors assigned are: (1) the court erred in not fully explaining to plaintiff in error the consequences of entering his plea of guilty to the indictment; (2) the court erred in not examining witnesses as to the aggravation and mitigation of the offense, and (3) that plaintiff in error was tried without due process of law.

The questions argued in the brief of plaintiff in error have been many times presented to this court and ruled upon adversely to the contentions of plaintiff in error, who is also designated as defendant in this opinion.

An examination of the record clearly shows the first assignment of error to be without merit. On the hearing, the court appointed a lawyer to represent the defendant. Later, a plea of guilty to the charge of murder was entered. It is insisted by plaintiff in error that the record does not contain one word to the effect that he had ever been fully or partially warned of the consequences of his plea of guilty, as required by section 4 of division XIII of the Criminal Code. However, in the supplemental transcript of the record filed in this cause and certified by the clerk of the circuit court of Massac county, the judgment order of the court shows that the defendant was advised and admonished by the court not only of his right to a trial by jury but also as to the consequences of his plea of guilty and that he persisted in his plea. In *People* v. *Fuhs,* 390 Ill. 67, this court held that it is not necessary for the record to show the particular words of warning when the record recites the defendant was admonished as to the consequences of his plea. In *People* v. *Corbett,* 387 Ill. 41, we

said, "In the absence of an affirmative showing in the record to the contrary, it will be presumed that the court discharged its duty to the defendant in all respects." (*People v. Gerke,* 332 Ill. 583.) We hold that the trial court fully performed its duty in advising the accused of the consequences of the plea of guilty as required by section 4 of division XIII of the Criminal Code. Ill. Rev. Stat. 1943, chap. 38, par. 732.

The statement in plaintiff in error's brief that his lawyer told him if he would plead guilty he would see to it that defendant received a sentence of one to fourteen years, is without any support whatsoever in the record and cannot be considered on this review.

The contention that the court committed error in not examining witnesses as to the aggravation and mitigation of the offense is based upon the language in the latter part of the above-cited section of the Criminal Code which reads as follows: "In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense." It is the position of the defendant that the above requirement is mandatory and that a failure to hear such testimony is error.

The common-law record presented is silent as to whether evidence on this point was heard. The section has, however, been frequently before this court for construction. In several cases this court has held that where the record does not disclose that either the State's Attorney or the defendant requested the trial court to examine any witnesses in the matter of mitigation or aggravation before passing sentence, the presumption is that the defendant waived any hearing on that subject. (*People v. Throop,* 359 Ill. 354; *People v. Gerke,* 332 Ill. 583.) In the latter case we said, "Where the record shows that a defendant, before pleading guilty, was admonished by the court as to the effect of such plea and the punishment which might

be inflicted, it is not necessary that it show affirmatively that the court heard witnesses as to matters in mitigation or aggravation of the offense. (*People* v. *Ellsworth,* [261 Ill. 275;] *People* v. *Harney,* 276 Ill. 236.) The examination of witnesses as to the aggravation and mitigation of the offense in cases where a defendant pleads guilty is a privilege which may be waived by the parties and some other method of supplying the court with the necessary information be substituted in its stead. In cases where this paragraph of the Criminal Code applies, should the court fail to perform its duty in this regard, or should it be claimed that the punishment was more severe than the circumstances shown would warrant, such matters must be presented for review by a bill of exceptions."

The cases cited by the defendant are not in conflict with the announced rule. In *People* v. *Serrielle,* 354 Ill. 182, we held the trial court erred in accepting the unsworn statements from the State's Attorney and the police officer as to a prior conviction of the defendant for a similar offense. In *People* v. *McWilliams,* 348 Ill. 333, it was held that the trial court erred in hearing evidence of aggravation only and in sustaining objections to testimony offered by the defendant as to mitigation.

Lastly, the defendant insists that he was denied due process of law in that he was denied certain fundamental rights which deprived him of receiving a fair, impartial and legal trial. The statement of defendant is not borne out or supported in any particular by the record. The judgment order recites that, on being arraigned, counsel was appointed by the court to represent him; that he was furnished with a copy of the indictment and a list of witnesses and jurors; that he entered a plea of guilty and was advised and admonished by the court of his right to a trial by jury and as to the consequences of his plea of guilty, and that he persisted in his plea of guilty; that the court found his age to be 22 years and sentenced the de-

fendant to the Illinois State Penitentiary for and during his natural life.

This record discloses that the statutory requirements have been met and that the defendant's constitutional right to a fair trial has not been violated.

In the absence of any error appearing in the record, the judgment of the circuit court of Massac county is affirmed.

*Judgment affirmed.*